■ Timothy Argento, Appellant-Respondent, v Morse-Diesel International et al., Respondents and Third-Party Plaintiffs-Respondents. Fortunato Sons, Inc., Third-Party Defendant-Respondent-Appellant. [699 NYS2d 414] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), entered October 6, 1998, which, after a jury trial and upon the grant of both plaintiff's motion for a directed verdict upon his Labor Law § 240 (1) claim and defendants' motion for directed verdict upon their claim for common-law indemnification against third-party defendant, and upon the denial of plaintiff's motion to set aside the jury's award of damages as insufficient, awarded plaintiff damages in the principal sum of $32,500 and awarded defendants judgment on their third-party complaint against third-party defendant Fortunato Sons, Inc., unanimously modified, on the facts, to the extent of vacating the judgment insofar as its award of damages made no provision for plaintiff's past pain and suffering, and the matter remanded for a new trial for the sole purpose of determining plaintiff's damages for past pain and suffering and for entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.

Contrary to third-party defendant Fortunato's contention, Morse-Diesel's liability for Argento's damages was solely statutory, pursuant to Labor Law § 240 (1). There was no evidence that Morse-Diesel directed or controlled the work performed by the other prime contractors on the subject project. Accordingly, the trial court properly granted Morse-Diesel's motion for a directed verdict upon its claim for common-law indemnification against Fortunato (*Kelly v Diesel Constr. Div.*, 35 NY2d 1, 6-7; *Curtis v 37th St. Assocs.*, 198 AD2d 62). Fortunato's claim that the third-party action is time-barred by the Omnibus Workers Compensation Reform Act of 1996 has not been previously raised and is thus deemed to have been waived. Fortunato's additional claim that the anti-subrogation rule enunciated in

*North Star Reins. Corp. v Continental Ins. Co.* (82 NY2d 281) bars the third-party action is also unavailing since the controlling contract was never introduced in evidence even though Fortunato was given ample opportunity to present such evidence.

We modify only to the extent of vacating the award of damages as against the weight of the evidence insofar as such award made no provision for plaintiff's past pain and suffering (*see*, CPLR 5501 [c]). The medical testimony elicited at trial was in agreement that plaintiff had sustained injuries to his left knee and sternum as a result of the accident in issue, and in light of that evidence and plaintiff's testimony that he remained at home for at least eight weeks after the accident due to pain in his knee, the jury's failure to make any award for past pain and suffering is not sustainable.

We have considered the parties' remaining arguments for affirmative appellate relief and find them unavailing. Concur—Ellerin, P. J., Wallach, Lerner, Andrias and Saxe, JJ.